# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**RAVI KONDAPALLI,**

      **Plaintiff,**

**v.**                             **Case No.  8:15-cv-1370-T-30AEP**

**FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver of Orion Bank,**

      **Defendant.**

_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Defendant Federal Deposit Insurance Corporation As Receiver of Orion Bank's Motion to Dismiss (Dkt. 14) and Plaintiff's Response in Opposition (Dkt. 17).  The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

### Background

Plaintiff Dr. Ravi Kondapalli's complaint against Defendant Federal Deposit Insurance Corporation, as receiver of Orion Bank, seeks judicial review of the FDIC's denial of Kondapalli's administrative claim.  Kondapalli's administrative claim requested the FDIC to find that a construction loan originally made by the failed bank, Orion Bank, and Kondapalli's related personal guaranty, were unenforceable and void based on an alleged fraudulent appraisal that Orion Bank and its officers obtained in connection with securing

the construction loan.  The FDIC denied the claim as untimely.  The relevant facts are as follows.

In 2003, Kondapalli and Dr. Ronald W. DeMasi formed DeMasi-Kondapalli, LLC ("DK, LLC") to buy land and build a medical office building for the operation of their medical practice (hereinafter, the "Project").  In 2005, Orion expressed an interest in financing the Project.  The complaint alleges that Orion and its officers obtained a false, inaccurate, and fraudulent appraisal so that it could make the subject loan.  In 2006, DK, LLC and its members, Kondapalli and DeMasi, closed on a $2,800,000.00 construction loan from Orion.  The closing documents included Kondapalli's personal guaranty.

In November 2009, the Florida Office of Financial Regulation obtained a formal finding that Orion was insolvent and obtained court orders authorizing the appointment of FDIC as receiver for Orion and terminating Orion's right to conduct banking business in the State of Florida.  Simultaneously with the FDIC's appointment as receiver, and as a result of a bidding process that was completed prior to November 13, 2009, the FDIC assigned and transferred certain deposit accounts, loans, and other assets of Orion to Iberiabank.  One of the loan assets transferred to Iberiabank was the construction loan agreement, promissory note, mortgage, and guarantees that DK, LLC and its members executed.

On or about July 25, 2014, Iberiabank sued Kondapalli in state court asserting a breach of his guaranty.[1]  Kondapalli alleges in this action that he learned of Orion's

---

[1] The state court action has been stayed pending the completion of the FDIC claims process.

fraudulent scheme involving the fraudulently obtained appraisal *after* Iberiabank filed suit against him in state court during the discovery process.  Specifically, the series of appraisals and correspondence produced in discovery revealed that Orion's officers had conspired with an appraiser to obtain a fraudulent appraisal in order to secure the construction loan.

On March 10, 2015, Kondapalli filed an administrative claim with the FDIC.  The claim states that the construction loan agreement and related documents between Kondapalli and Orion were "void ab initio" based on the "doctrine of illegality" because they were fraudulently obtained and in violation of state and federal law.  (Dkt. 1-1).  On April 27, 2015, the FDIC denied the claim; the sole basis for the denial was that the claim was untimely because it was filed after the February 17, 2010 claims bar date.

Count I of Kondapalli's complaint in this action requests that the Court find that his claim with the FDIC was timely.  Count II asks the Court to consider the merits of Kondapalli's claim and declare that the construction loan agreement, promissory note, continuing guaranty, and other associated loan documents are void and/or unenforceable.

The FDIC now moves to dismiss the complaint on the following grounds: lack of standing; lack of subject matter jurisdiction; failure to state a claim; and failure to join the real party in interest.  The Court now turns to these legal arguments.

## Discussion

### I.    Standing

The FDIC's standing argument is solely premised on the fact that the subject construction loan and related documents were transferred to Iberiabank and, as such, the

FDIC "has no interest in the subject loan and guaranty . . ." (Dkt. 14).  As Kondapalli points out in his response, this argument is without merit because it ignores the essence of his claims in this case.  Kondapalli alleges a cause of action for judicial review of the FDIC's denial of his administrative claim.  As discussed further in the next section, Kondapalli's standing is based on 12 U.S.C. § 1821(d)(6)(A)(ii), which specifically provides that a claimant may file suit in federal court following the FDIC's disallowance of a claim.  Accordingly, the FDIC's standing argument is denied.

## II.     Lack of Subject Matter Jurisdiction

The crux of the FDIC's motion to dismiss is that this Court lacks subject matter jurisdiction over Kondapalli's claims because Kondapalli failed to exhaust the administrative procedures set forth in 12 U.S.C. § 1821(d)(6).

When a party asserts lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) as grounds for dismissal, the court must accept well-pleaded facts in the complaint as true.  However, "[w]hen the determination of subject matter jurisdiction requires the Court to look at matters beyond the face of the complaint, the Court applies an analysis similar to the summary judgment standard." *U.S. v. Walker,* 438 F. App'x 885, 887 (11th Cir. 2011) (citing *Lawrence v. Dunbar,* 919 F.2d 1525, 1530 (11th Cir.1990) (finding a Rule 56 summary judgment standard appropriate when ruling on a motion to dismiss asserting a factual attack on subject matter jurisdiction)).

The FDIC moves to dismiss Kondapalli's claim for lack of subject matter jurisdiction due to his failure to exhaust administrative remedies under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). In enacting FIRREA, Congress "sought to reduce the volume of formal litigation that otherwise would have resulted by providing for administrative review of such claims." *Stamm v. Paul,* 121 F.3d 635, 639 (11th Cir. 1997). Pursuant to section 1821 of FIRREA:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over—
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D). Subsection (d) provides for *de novo* district court review of claims only when they have been exhausted through the FDIC's administrative claims process. *See id.*; *see also Placida Prof'l Center, LLC v. FDIC,* 512 F. App'x 938, 945 (11th Cir. 2013); *McMillian v. FDIC,* 81 F.3d 1041, 1045 (11th Cir. 1996) ("The rule in this circuit is clear: FIRREA makes exhaustion of the FDIC's administrative complaint review process mandatory when the FDIC has been appointed receiver for a financial institution.").

The administrative claims process is subject to strict timeliness requirements:

(C) Disallowance of claims filed after end of filing period

(i) In general

Except as provided in clause (ii), claims filed after the date specified in the notice published under paragraph (3)(B)(i) shall be disallowed and such disallowance shall be final.

(ii) Certain exceptions

Clause (i) shall not apply with respect to any claim filed by any claimant after the date specified in the notice published under paragraph (3)(B)(i) and such claim may be considered by the receiver if—

(I) the claimant did not receive notice of the appointment of the receiver in time to file such a claim before such date; and

(II) such claim is filed in time to permit payment of such claim.

12 U.S.C. § 1821(d)(5)(C). If a claimant files a claim after the bar date, the claim "shall be disallowed," and thus the claimant cannot exhaust its administrative remedies or pursue district court review. *Id.* The Eleventh Circuit has held that timely filing a claim is a jurisdictional requirement under FIRREA. *See Gomez v. Bank United,* No. 10-21707-CIV, 2011 WL 114066, at *2 (S.D. Fla. Jan.13, 2011) (citing *Paul v. FDIC,* 91 F.3d 110, 111 (11th Cir. 1996)); *see also McMillian,* 81 F.3d at 1045.

The FDIC argues that this Court lacks jurisdiction because Kondapalli's claim was untimely filed. It is undisputed that the claim was filed on March 10, 2015, more than five years after the February 17, 2010 claims bar date. Kondapalli argues, however, that an exception applies. The only exception to the timeliness requirement is when "the claimant did not receive notice of the appointment of receiver in time to file such a claim before such date." 12 U.S.C. § 1821(d) (5)(C)(ii)(I); *see also RPM Invs., Inc. v. Resolution Trust Corp.,* 75 F.3d 618, 620 n. 2 (11th Cir. 1996) ( "The 'exceptions' to § 1821(j)'s jurisdictional bar are extremely limited.").

In *Stamm,* the Eleventh Circuit addressed this exception and concluded that "in time to file such claim" means "at a time when the claimant could have filed such a claim." 121 F.3d at 641. Thus, if a party receives notice of the receivership's appointment and could file its claim before the claims bar date, but fails to do so, the claim is barred under FIRREA's administrative scheme. On the other hand, if a party receives notice of the receivership but at that time the claim does not yet exist, then the claim is not barred. *See Carlyle Towers Condo. Ass'n, Inc. v. FDIC,* 170 F.3d 301, 306 (2d Cir. 1999) (noting that if a claim first arises after the bar date, that claim is not automatically barred even if the claimant had notice of the appointment of the receiver); *see also Haygood v. Cmty. & S. Bank,* No. 1:12-cv-295-WSD, 2012 WL 6681732, at *8 (N.D. Ga. Dec. 21, 2012) ("[T]he Court finds [the] claims fall within FIRREA's exception because they arguably did not accrue prior [to] the claims-bar date.").

Kondapalli argues that he could not have filed his claim before the claims bar date because the claim did not exist until he learned of the fraudulent appraisal.[2] As such, his claim falls within the exception to the bar date that permits the filing of claims that accrue after the bar date. The key issue is therefore whether Kondapalli's claim against the FDIC accrued before or after the bar date. Taking Kondapalli's allegations as true, he learned of Orion's fraudulent actions after Iberiabank filed suit against him in state court in 2014 during

---

[2]Notably, "[i]n a fraud action, the last element occurs, and thus the cause of action accrues, when the plaintiff knew, or through the exercise of due diligence should have known, of the facts constituting the fraud." *Smith v. Bruster*, 151 So. 3d 511, 514 (Fla. 1st DCA 2014).

the discovery process.  The FDIC does not point to any evidence rebutting these allegations.  In other words, the FDIC does not establish in its motion that Kondapalli was aware or should have been aware of the fraud at an earlier time (prior to the claims bar date).[3]  As such, based on the current record, the Court must conclude that Kondapalli has alleged sufficient facts establishing the Court's jurisdiction.  Of course, the FDIC may renew its jurisdictional argument after further discovery on this issue.

## III.    Failure to State a Claim

The FDIC next argues that the claims are insufficient under Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  On the contrary, legal conclusions "must be supported by factual allegations."  *Id.*  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

---

[3] The FDIC argues briefly that Kondapalli should have discovered the fraud if he had exercised due diligence.  This argument may have merit after sufficient discovery on the issue.  But the Court cannot determine this issue on the limited record before it that consists solely of Kondapalli's complaint and the attachments to same.

A review of the complaint demonstrates that Kondapalli clearly states a claim for relief for *de novo* review of his claim.  The FDIC quibbles with the merits of the claim but the Court cannot make factual determinations at this stage.  However, the FDIC asserts one argument that requires further attention.  The FDIC argues that the claims are barred by FIRREA's anti-injunction provision.  Section 1821(j) provides:

> Except as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation as a conservator or a receiver.

12 U.S.C. § 1821(j).  In *Placida Prof'l Ctr., LLC v. F.D.I.C.*, 512 F. App'x 938, 946 (11th Cir. 2013), the Eleventh Circuit held that section 1821(j) does not strip a court of jurisdiction in cases brought pursuant to section 1821(d)(6).  Specifically:

> Section 1821(j)'s anti-injunction provision does not strip courts of the jurisdiction provided by § 1821(d)(6).  Indeed, the plain language of § 1821(j) provides, "*Except as provided in this section,* no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation as a conservator or a receiver."  12 U.S.C. § 1821(j) (emphasis added).  "*[T]his section,*" namely § 1821(d)(6), provides for *de novo* judicial review of administratively exhausted claims, and § 1821(j) does not, on its face, disturb that review.  *See United States v. Zuniga-Arteaga,* 681 F.3d 1220, 1223 (11th Cir. 2012) (when interpreting a statute, "[T]he starting point is the language of the statute itself.... [W]e analyze the language of the provision at issue, the specific context in which the language is used, and the broader context of the statute as a whole.") (quotation, citations, and alterations omitted).

*Id.*  Accordingly, this argument is denied.

IV.     **Failure to Join the Real Party in Interest**

The FDIC's final argument is that Kondapalli failed to join the real party in interest, Iberiabank, the owner of the construction loan and personal guaranty that Kondapalli seeks to declare unenforceable and void.  The FDIC does not cite to any legal authority stating that a complaint filed under section 1821(d)(6) that seeks judicial review of the FDIC's determination of Kondapalli's claim should be dismissed for failure to join a successor bank. Thus, at this stage, this argument in favor of dismissal of the complaint is denied.  However, the Court's denial of this argument is without prejudice to revisit this issue if it becomes relevant to an award of any relief in Kondapalli's favor.[4]

It is therefore **ORDERED AND ADJUDGED** that:

1.      Defendant Federal Deposit Insurance Corporation As Receiver of Orion Bank's Motion to Dismiss (Dkt. 14) is denied.

2.      Defendant shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on January 8, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[4] Notably, the parties do not indicate the details of the agreement between the FDIC and Iberiabank.  As such, it is unclear whether Iberiabank is a successor-in-interest to the FDIC's rights on the construction agreement and related documents.