**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**RAVI KONDAPALLI,**

    **Plaintiff,**

v.                                                       **Case No.  8:15-cv-1370-T-30AEP**

**FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver of
Orion Bank,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon IberiaBank's Motion to Intervene (Dkt. 24).  The Court notes that the parties did not file any opposition to IberiaBank's motion and the deadline to file a response is passed.  Upon consideration of the motion, and being otherwise advised in the circumstances, the Court concludes that the motion should be granted because it is appropriate to allow IberiaBank to intervene in this action as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2).

## BACKGROUND

In November 2009, Orion Bank ("Prior Lender") was closed by the Florida Office of Financial Regulation and the Federal Deposit Insurance Company ("FDIC") was named receiver over its assets.  Contemporaneous with the FDIC's receivership over Orion Bank, IberiaBank ("Intervenor") purchased some of Prior Lender's assets from the FDIC.  Among

the assets purchased by IberiaBank was a commercial loan (the "Subject Loan") extended by Prior Lender to DeMasi-Kondapalli, LLC, a Florida limited liability company ("DK, LLC").

On July 25, 2014, IberiaBank commenced a state-court lawsuit against DK, LLC and related entities in the Circuit Court of the Twelfth Judicial Circuit, Sarasota County, Florida, captioned as *Iberiabank v. Demasi-Kondapalli, LLC et al*, Case No. 2014 CA 004342 NC ("State Court Action"). In the State Court Action, IberiaBank asserts claims against DK, LLC, and related parties for breach of promissory note, foreclosure of real and personal property, breach of commercial guaranties, and rent sequestration under Florida law.

Prior to filing the instant action, Plaintiff Ravi Kondapalli ("Plaintiff" or "Debtor") filed an administrative claim with the FDIC on March 10, 2015, seeking to invalidate the Subject Loan. Plaintiff personally guaranteed the Subject Loan. The State Court Action has been stayed pending the exhaustion of Debtor's administrative remedies.

After the FDIC denied Plaintiff's administrative claim on April 27, 2015, Plaintiff filed this lawsuit against the FDIC as receiver for Prior Lender. Plaintiff seeks to utilize the administrative appeal process outlined in 12 U.S.C. §1821(d)(6)(A)(ii) to overturn the FDIC's denial of Plaintiff's claim and invalidate the Subject Loan and his guaranty thereof.

Iberiabank seeks leave to intervene in this action because Plaintiff's complaint in this case asks this Court to "make factual findings that the Guaranty and all underlying instruments and documents are void such that no claim or recovery can be made against Dr. Kondapalli on his Guaranty and his Guaranty is void and/or unenforceable." (Dkt. 1 at ¶ 74).

**DISCUSSION**

Under Rule 24(a)(2), a court must permit a non-party to intervene in an action if the non-party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The following requirements must be met in order to intervene as a matter of right: (1) the motion to intervene is timely; (2) the party has an interest relating to the subject property or transaction; (3) the party is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) the party's interest is not adequately represented by the existing parties to the action. *See Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

With respect to the first requirement, IberiaBank's motion is clearly timely; the FDIC's answer was filed on January 22, 2016, and discovery has not begun. The second and third requirements are met because IberiaBank owns and holds the Subject Loan Documents. And the relief Plaintiff seeks in this action and the Court's determination of Plaintiff's claims will have a direct impact on IberiaBank's legal claims against Plaintiff in the State Court Action and the enforceability of its security interests. Finally, the fourth requirement is established because IberiaBank's interest is not adequately represented at this time. Indeed, the FDIC disclaims any interest in the Subject Loan Documents. Accordingly, IberiaBank should be permitted to intervene and participate as a co-Defendant in this action.

It is therefore **ORDERED AND ADJUDGED** that:

1. IberiaBank's Motion to Intervene (Dkt. 24) is GRANTED.

2. The Clerk shall add IberiaBank as a Defendant in this action.

3. IberiaBank shall file an answer to the complaint within fourteen (14) days of this Order.

4. The parties shall file a joint case management report within thirty (30) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on March 21, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2015\15-cv-1370 intervene 24.wpd